UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHON RYCE, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-12707 |
| ) | |
| v. ) | |
| ) | |
| THE UNIVERSITY OF CHICAGO ) | |
| MEDICAL CENTER, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Michon Ryce ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The University of Chicago Medical Center ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*, ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age and Defendant's age-based harassment.

3. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's retaliation for Plaintiff

requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Michon Ryce, resides in Cook County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, The University of Chicago Medical Center, is an entity doing business in and for Cook County whose address is 5841 S Maryland Avenue STE 1, Chicago, Illinois 60637-1450.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of

2

ADA, 42 U.S.C. § 12111(4) and ADEA, 29 U.S.C. §631.

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff was hired by Defendant as an Anesthesia Tech in or around 1996.

14. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of age violating the ADEA.

15. Plaintiff is 62 years old and is a member of a protected class because of Plaintiff's age whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected class.

16. Plaintiff has a physical/mental impairment that substantially limits major life activities.

17. Regardless of Plaintiff's disability, Plaintiff was qualified to perform the essential functions of her job, with or without accommodation.

18. Plaintiff is a "qualified individual" as defined under the ADA.

19. About a year ago, in or around October 2023, Plaintiff began experiencing significant vision issues due to glaucoma, which have since required multiple surgeries (in March 2024 and Summer 2024).

20. As a result of Plaintiff's impaired vision, Plaintiff was unable to work in the OR and was reassigned to process scopes about six months into Plaintiff's condition (around April

3

2024).

21. This change was made without a formal request for accommodation, even though management was aware of Plaintiff's disability.

22. Throughout this time, Plaintiff took FMLA leave for her surgeries and recovery, totaling approximately 6-8 weeks.

23. Upon Plaintiff's return from FMLA, Plaintiff began being treated differently by noticing that overtime was predominantly assigned to younger employees.

24. Therefore, Plaintiff was being treated differently than those outside her protected class by not having the same employment opportunities available for Plaintiff.

25. In a group meeting in or around late August 2024, Plaintiff expressed her concern about the unfair distribution of overtime.

26. Jason Anderson ("Mr. Anderson"), one of Plaintiff's managers, responded dismissively, saying, "well Michon, these young techs can run circles around you," which was a clear age-related jab.

27. Mr. Anderson's comment regarding the Plaintiff's ability to perform her duties at a level inferior to that of younger employees constitutes a clear manifestation of age discrimination.

28. Following this meeting, Taylor Jeltema ("Ms. Jeltema"), another manager, approached Plaintiff and stated that since Plaintiff couldn't go into the OR, Plaintiff should refrain from signing up for weekend shifts.

29. Plaintiff was told she could help with anesthesia carts on weekends but was told not to sign up as a tech due to Plaintiff's inability to enter the OR rooms.

30. This reinforced Plaintiff's feeling of being sidelined because of Plaintiff's age and disability.

31. At the end of August 2024, Plaintiff was called into a meeting with Mr. Anderson and Ms. Jeltema regarding two allegations: (1) that Plaintiff had cursed in front of colleagues and (2) that Plaintiff had taken a photo of a young employee sleeping and intended to use it "maliciously".

32. Plaintiff acknowledged she had used profanity during a private conversation with other technicians, which was harmless and shared in a joking context.

33. Both managers and other co-workers regularly curse, and this double standard reflected bias against Plaintiff.

34. Regarding the photo, Plaintiff took it because Plaintiff intended to address the behavior of the young employee with her directly by showing her the vulnerability and emphasizing the importance of not engaging in that behavior at work.

35. This was following management's explicit directive to Plaintiff and co-workers to document such incidents.

36. However, Plaintiff ultimately chose not to submit the photo to management, so Plaintiff was perplexed as to why this would be held against Plaintiff and who had made the accusation.

37. During the meeting, Plaintiff explained that once Plaintiff received her glasses, she could return to her normal duties.

38. Mr. Anderson then remarked about Plaintiff's role as "the scope girl" and questioned "what I would do" if disposable scopes were introduced, suggesting that Plaintiff's

5

job was in jeopardy due to Plaintiff's disability and attendant accommodations.

39. Plaintiff expressed concern about needing to consider long-term disability if that were the case prior to Plaintiff getting her glasses.

40. In response, Mr. Anderson replied, "no! no! We're not going to do that now. Just keep us posted on how everything's going with your eyes!"

41. His flippant response and previous comments about young techs running circles around Plaintiff made Plaintiff feel that they were actively trying to push Plaintiff out of the organization due to her age and disability.

42. On September 6, 2024, Plaintiff was called back to Ms. Jeltema's office, at which time, Plaintiff's badge was taken, and Plaintiff was escorted from the building.

43. Plaintiff was not given a reason for her suspension at that time.

44. Approximately 1 1/2 weeks later, Plaintiff received a telephone call from Ms. Jeltema where she informed Plaintiff that Plaintiff had been suspended for saying "snitches get stitches" and that "although it was not directed at anyone, the comment is unacceptable in the workplace."

45. Finally, on or around September 20, 2024, Plaintiff received another telephone call from Ms. Jeltema stating Plaintiff was terminated.

46. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for temporary altered duties without penalty.

47. Ultimately, on or about September 20, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

48. The purported justification for termination was unlawful discrimination based on

disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

49. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

54. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

55. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

7

58. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

60. Plaintiff is a qualified individual with a disability.

61. Defendant was aware of the disability and the need for accommodations.

62. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

63. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

64. Defendant did not accommodate Plaintiff's disability.

65. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT III
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

68. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation

of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

70. Defendant knew or should have known of the harassment.

71. The disability-based harassment was severe or pervasive.

72. The disability-based harassment was offensive subjectively and objectively.

73. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

74. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

76. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

77. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

78. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodation, temporary altered duties without penalty.

79. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

80. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

81. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

9

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Discrimination)**

84. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

85. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

86. Plaintiff met or exceeded performance expectations.

87. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

88. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

89. Plaintiff is a member of a protected class under the ADEA, due to Plaintiff's age.

90. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

91. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of Americans with Disabilities Act
### (Age-Based Harassment)

92. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

93. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's age, in violation of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

94. Defendant knew or should have known of the harassment.

95. The age-based harassment was severe or pervasive.

96. The age-based harassment was offensive subjectively and objectively.

97. The age-based harassment was unwelcomed.

98. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's age.

99. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

100. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VII
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

101. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

102. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

103. Defendant terminated Plaintiff because Plaintiff took FMLA leave as described above.

104. Specifically, Plaintiff requested FMLA for her surgeries and recovery related to her disability.

105. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

106. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

107. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of December 2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*